IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER CHONG THAO,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

    Defendant.

_____/

No. 2:08-cv-03061 KJN

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") terminating plaintiff's previously granted Disability Insurance Benefits under Title II of the Social Security Act ("Act") and Supplemental Security Income under Title XVI of the Act.[1] In his motion for summary judgment, plaintiff contends that the Administrative Law Judge Peter Belli ("ALJ Belli"), who affirmed the decision to terminate benefits, erred in two respects. First, plaintiff contends that ALJ Belli erred by finding that plaintiff had improved medically without reviewing the evidence that supported the initial

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties have voluntarily consented to proceed before a United States Magistrate Judge. (Dkt. Nos. 7, 9.) This case was reassigned to the undersigned by an order entered February 9, 2010. (Dkt. No. 20.)

1

decision in 2002, entered by Administrative Law Judge Mark Ramsey ("ALJ Ramsey"), that found plaintiff to be disabled within the meaning of the Act.  Second, plaintiff argues that, even assuming a proper finding of medical improvement, ALJ Belli erred by determining plaintiff's present residual functional capacity without consideration of evidence in the administrative record that plaintiff had alleged mental impairments.  (See Dkt. No. 17.)  The Commissioner filed an opposition to plaintiff's motion for summary judgment.[2]  (Dkt. No. 19.)

For the reasons stated below, the court grants plaintiff's motion for summary judgment in part and remands this matter for further proceedings.

I.   BACKGROUND

Plaintiff initially filed an application seeking Disability Insurance Benefits on May 31, 2000, and an application seeking Supplemental Security Income on April 28, 2000, both alleging that he had been disabled since March 22, 2000.  (Def.'s Opp'n to Mot. for Summ. J., Ex. 1, Doc. No. 19-2 at 5[3]; see also Administrative Transcript ("AT") 14.)  On March 20, 2002, ALJ Ramsey found that plaintiff was disabled within the meaning of the Act as of March 22, 2000.  (Doc. No. 19-2 at 7.)  This favorable determination was premised on plaintiff's severe impairments: "lumbar disc disease and right shoulder internal derangement."  (Doc. No. 19-2 at 6.)  ALJ Ramsey's decision noted that "[t]he claimant shall undergo a continuing disability review within three years following the date of this decision."  (Def.'s Opp'n to Mot. for Summ. J., Ex. 1, Doc. No. 19-2 at 8.)

---

[2] Although the Commissioner filed an opposition to plaintiff's motion for summary judgment, he did not file a cross-motion for summary judgment.

[3] The Commissioner has not lodged with the court the administrative transcript related to plaintiff's applications for benefits filed in 2000.  However, the Commissioner has attached the following as Exhibit 1 to his opposition to plaintiff's motion for summary judgment: (1) a "Supplemental Certification" stating that the original hearing decision dated March 20, 2002 was unavailable when the agency compiled the administrative record in this case in March 4, 2009 (Doc. No. 19-2 at 1); (2) a copy of the notice of a fully favorable decision, dated March 20, 2002 (Doc. No. 19-2 at 2-4); and (3) a copy of ALJ Ramsey's favorable written decision, dated March 20, 2002 (Doc. No. 19-2 at 5-8).

2

As noted above, although the Commissioner filed a copy of ALJ Ramsey's March 20, 2002 written decision with his opposition brief, he has not lodged with this court the administrative transcript that relates to plaintiff's prior favorable disability determination.

On June 10, 2005, the Social Security Administration determined that plaintiff's disability ceased as of June 1, 2005, and terminated plaintiff's benefits effective August 1, 2005, having determined that plaintiff had experienced "medical improvement" that rendered him no longer disabled within the meaning of the Act. (See AT 48; see also AT 50-64 (notice of disability hearing decision and Disability Hearing Officer's Report of Disability Hearing).) Plaintiff, who is represented by counsel, requested a hearing before an administrative law judge. (AT 65.) On March 29, 2007, ALJ Belli conducted a hearing at which plaintiff and David Dettmer, a vocational expert, testified. (AT 24-47.)

In a written decision dated April 25, 2007, ALJ Belli affirmed the agency's cessation of benefits decision. (AT 14-23.) This decision does not reference plaintiff's alleged mental impairments that are the subject of much of the briefing before the court, ostensibly because plaintiff did not submit those records until after ALJ Belli issued his decision.

In summarizing the favorable disability decision from 2002, referred to as the "comparison point decision" or "CPD," ALJ Belli stated:

> **2. At the time of the CPD, the claimant had the following medically determinable impairments: back disorder and right shoulder derangement. These impairments were found to result in the residual functional capacity to perform sedentary work. This was compromised by from [*sic*] performing prolonged sitting, standing, walking, bending, and lifting 10 pounds or more.**
>
> At the time of the CPD, the claimant was being treated for right-sided rotator cuff tendonosis and disc disease of the lumbar spine secondary to a work injury on March 18, 2000. He failed conservative therapy and was referred to an orthopedic specialist who performed a series of injections to the right shoulder, all of which provided only temporary relief. X-rays were performed on January 26, 2001 with abnormal findings at the L4-5 and L5-S1 disc levels. Orthopedic testing revealed severe back spasms and limited range of motion, positive straight leg raising and back pain radiating into the lower extremities. An orthopedic exam was performed on January 19, 2002 and findings revealed that claimant was using

> crutches and he was unable to sit or stand unsupported due to back pain. There was decreased neck and back movement with poor effort noted by the examining physician. The right shoulder arm revealed decrease [*sic*] range of motion and a lot of guarding and fairly diffuse pain. An examination of the lumbar spine revealed diffuse guarding, decreased range of motion, and some tenderness.

(AT 16 (emphasis in original).)  This summary does not include citations to the administrative transcript related to the CPD, reference the nature or state of the record before ALJ Belli, or reveal what evidence, if any, ALJ Belli specifically considered in drafting this summary.

ALJ Belli's decision became final after the Appeals Council denied plaintiff's request for review.  (AT 3-6 (notice of denial), 8-9 (request for review).)  In its notice of denial of review, the Appeals Council noted that it had considered additional evidence submitted by plaintiff, which consisted of a cover letter dated August 25, 2008, and 36 pages of attachments.  (AT 3, 7, 174-209.)  That newly submitted evidence consisted of medical records and other evidence related to plaintiff's alleged mental impairments: major depressive disorder and post-traumatic stress disorder.  The Appeals Council concluded that the evidence submitted was "new but not material," and that the information provided "does not provide a basis for changing the Administrative Law Judge's decision."[4]  (AT 4.)

---

[4]   The Appeals Council stated:

> The additional evidence submitted with the request for review indicates that you went to mental health services and did an adult intake screening assessment on February 21, 2007, a month before your hearing date.  The social worker and Oscar Jaurigue, M.D., diagnosed you with major depressive disorder, recurrent, severe without psychotic features and post traumatic stress disorder and assigned a GAF of 50 at the initial intake. Medication was prescribed.  By May 15, 2007, you reported to Dr. Jaurigue that you were helping your wife with household chores and supervision of your eight kids (ages 6 to 17).  The progress notes indicate that your mental impairments continue to be under control with medication.  No side effects from the medications were reported.  On February 29, 2008, H. J. Savalia, M.D., a staff psychiatrist, conducted a mental health exam and noted that you did not have a crippling mental disorder which would qualify you for disability and opined that the "only barrier he has is the language barrier, English, and low level of education

## II. DISCUSSION

Plaintiff contends that ALJ Belli committed two errors in reviewing the decision terminating plaintiff's benefits. Plaintiff first contends that ALJ Belli erred by making a finding that plaintiff had experienced medical improvement without reviewing the evidence that supported ALJ Ramsey's 2002 decision that found plaintiff to be disabled. (Dkt. No. 17 at 15-16.) Because plaintiff's first argument is persuasive and a remand for further proceedings is warranted as a result, the undersigned does not reach plaintiff's second argument, that, even assuming a proper finding of medical improvement, ALJ Belli erred by determining plaintiff's present residual functional capacity without considering evidence of plaintiff's alleged mental impairments. (Dkt. No. 17 at 17-20.)

### A. Relevant Legal Standards Governing Termination of Benefits Premised on a Finding of "Medical Improvement"

Once a Social Security benefits claimant has been found to be disabled, "a presumption of continuing disability arises in [his or] her favor." Bellamy v. Sec'y of Health & Human Servs., 755 F.2d 1380, 1381 (9th Cir. 1985) (citing Murray v. Heckler, 722 F.2d 499, 500 (9th Cir. 1983)); accord Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007). However, a claimant's continuing entitlement to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") is subject to mandatory periodic review. 20 C.F.R. §§ 404.1594(a) (governing DIB determinations), 416.994(a) (governing SSI determinations).

Relevant here, a claimant's benefits may be terminated where the Commissioner produces substantial evidence that: "(A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which

---

which does not make him disabled and he can function mentally and can work." You agreed with Dr. Savalia's findings. The Appeals Council therefore finds this evidence new but not material. . . . We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(AT 4.)

is not related to the individual's ability to work), and (B) the individual is now able to engage in substantial gainful activity."[5]  42 U.S.C. § 423(f)(1).  The regulations applicable to both DIB and SSI define "medical improvement" as follows:

> Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled.  A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s). . . .

20 C.F.R. § 404.1594(b)(1); accord 20 C.F.R. § 416.994(b)(1)(I).  The Commissioner has the "burden of producing evidence sufficient to rebut [the] presumption of continuing disability." Bellamy, 755 F.2d at 1381; see also Murray, 722 F.2d at 500 ("The Secretary . . . has the burden to come forward with evidence of improvement.").  However, a reviewing court will not set aside a decision to terminate benefits unless the determination is based on legal error or is not supported by substantial evidence in the record as a whole.[6]  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

The Commissioner evaluates whether a claimant continues to be entitled to DIB or SSI under two similar multi-step tests.  In a DIB case, the Commissioner employs an eight-step test.  See 20 C.F.R. § 404.1594(f)(1)-(8).  Where SSI is concerned, the Commissioner applies a seven-step test.  20 C.F.R. § 416.994(b)(5)(I)-(vii).  These tests are substantially

////

////

---

[5]  Section 423(f) also states: "Any determination under this section shall be made on the basis of all the evidence available in the individual's case file, including new evidence concerning the individual's prior or current condition which is presented by the individual or secured by the Commissioner of Social Security."  42 U.S.C. § 423(f).

[6]  "'Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)); accord Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009).

similar.[7] Central here, is that at step three of the DIB-related framework and step two of the SSI-related framework, the Commissioner inquires whether there has been "medical improvement" as defined in the respective regulations. 20 C.F.R. §§ 404.1594(f)(3), 416.994(b)(ii). The Commissioner's regulations further provide that for the purposes of determining whether medical improvement has occurred, the Commissioner "will compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled . . . to the medical severity of that impairment(s) at that time." 20 C.F.R. § 404.1594(b)(7); accord 20 C.F.R. § 416.994(b)(vii).

### B. Finding of Medical Improvement In the Present Case

Here, plaintiff contends that ALJ Belli applied an "improper legal standard" in evaluating whether plaintiff experienced a medical improvement. (Pl.'s Mot. for Summ. J. at 15-16.) Specifically, he argues that the Commissioner failed to meet his burden of producing evidence of medical improvement because he did not produce any medical records regarding plaintiff's medical condition at the time plaintiff was initially found to be eligible for benefits.[8] Plaintiff posits that the ALJ merely provided a summary of the findings in the 2002 decision (the CPD), which he argues appears to be based on a consultative request form from 2005. (Id. at 16 (citing AT 114).) Plaintiff argues that, as a result, it is impossible to accurately assess his medical improvement and, accordingly, the Commissioner did not meet his burden of production and plaintiff's disabled status continues. (Id.)

As an initial matter, the undersigned addresses plaintiff's citation to, and partial reliance on, proposed findings and recommendations filed in Bell v. Barnhart, No. CIV-00-2586

---

[7] The difference between these two evaluative frameworks is that in the DIB-related framework, the first step asks whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). The SSI-related framework does not require this inquiry. See 20 C.F.R. § 416.994(b)(5).

[8] Plaintiff also notes that the Commissioner failed to produce a copy of ALJ Ramsey's 2002 decision finding that plaintiff was disabled. (Pl.'s Mot. for Summ. J. at 15.) The Commissioner cured that failing by supplementing the record with the 2002 written decision.

WBS DAD, by another United States Magistrate Judge of this court. (Pl.'s Mot. for Summ. J. at 16.) Plaintiff has not appended a copy of those unpublished findings and recommendations to his motion, and they are not available on common electronic databases like Westlaw or Lexis. Plaintiff's failure to submit a copy of the relied-upon findings and recommendations constitutes a violation of this court's Local Rule 133(i)(3) and, accordingly, the undersigned has not reviewed or considered the findings and recommendations in Bell.[9]

Nevertheless, plaintiff's remaining argument is persuasive to the extent that a remand is appropriate in this case. The Ninth Circuit Court of Appeals appears not to have addressed the precise manner of the comparison an administrative law judge must perform in evaluating whether a claimant has experienced a medical improvement. However, the law in other Circuits is that in assessing medical improvement the administrative law judge must evaluate not only the current medical evidence, but also the medical evidence upon which the claimant's original disabled status was premised. See Byron v. Heckler, 742 F.2d 1232, 1236 (10th Cir. 1984) (per curiam) ("In order for evidence of improvement to be present, there must also be an evaluation of the medical evidence for the original finding of disability."); Vaughn v. Heckler, 727 F.2d 1040 (11th Cir. 1984) (holding that the administrative law judge erred by focusing only on the current evidence of the claimant's impairments and that without an evaluation of the medical evidence upon which the claimant was originally found disabled, "no adequate finding of *improvement* could be rendered" (emphasis in original)).

Here, ALJ Belli does not appear to have compared the current evidence and the evidence supporting the CPD. His summary does not cite to any medical records from the administrative transcript related to the CPD, and the Commissioner has not lodged that prior

---

[9] Plaintiff and his counsel are advised to review the court's Local Rules, as failure to adhere to the Local Rules may be grounds for the imposition of sanctions. See Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

8

administrative transcript with the court. Moreover, the undersigned cannot discern from ALJ Belli's written decision whether he had the 2002 administrative transcript before him when evaluating plaintiff's continuing disability. Accordingly, the undersigned cannot conclude on the present record that ALJ Belli compared the current evidence and the actual evidence—not merely ALJ Ramsey's written decision or a consultative report—supporting the CPD.

The Commissioner argues that unlike the Vaughn and Byron cases, each of which involved an administrative law judge's excessive focus on the current medical evidence to the exclusion of the medical evidence supporting the CPD, ALJ Belli provided an adequate summary of the CPD's findings and properly relied on a prior evaluation of the medical evidence. (See Def.'s Opp'n to Mot. for Summ. J. at 4, 5 n.3.) He notes that "there is no rule requiring the ALJ to revisit or re-litigate the prior evidence described in prior findings." (Id.) The Commissioner also cites to one unpublished decision where a district court found that an administrative law judge who affirmed the termination of benefits did not err by not revisiting the prior favorable decision. See Jackson v. Astrue, No. EDCV 07-1449-MLG, 2008 WL 4501858, at *4 (C.D. Cal. Oct. 2, 2008) (unpublished). The court in Jackson stated:

> Although the prior medical records are certainly relevant to determining whether there has been a medical improvement, ALJ Varni was not required to revisit ALJ Tierney's decision. Instead, ALJ Tierney's decision, which is based on Plaintiff's prior medical records, is the baseline for ALJ Varni's evaluation of whether Plaintiff has medically improved in recent years. None of the cases Plaintiff cites indicate that the ALJ in a termination of benefits case must incorporate prior medical records into the improvement analysis in the same way as for an initial disability determination.

Id. The court did not cite a statutory, regulatory, or precedential basis for its conclusion.

The ALJ appears to have made a good faith effort to recount the basis for the CPD. However, the problem here is not that ALJ Belli failed to "re-litigate" the medical evidence afresh. Rather, the problem here is that: (1) the present record suggests that the ALJ did not consider the administrative transcript related to the CPD; and (2) the record related to the CPD is not before this court such that the court could review the basis for the CPD.

9

Although not binding on this court, the Second Circuit Court of Appeals's decision in Veino v. Barnhart, 312 F.3d 578 (2d Cir. 2002), is persuasive. There, a disability hearing officer concluded that the claimant had experienced medical improvement since the CPD issued in 1982, and an administrative law judge concluded that the claimant's medical condition had improved such that the claimant was no longer disabled. The district court affirmed, and the claimant appealed arguing that the Commissioner failed to prove medical improvement since the CPD because the record contained no medical evidence regarding the claimant's condition in 1982. Id. at 586.

In considering the claimant's argument, the Court of Appeals noted that the administrative law judge had received, and the Commissioner had submitted to the court, substantial medical evidence as to the state of the claimant's current impairments, but that the record before the court contained no medical evidence regarding the claimant's condition at the time of the CPD. Id. at 587. It further noted that the administrative law judge had stated at the hearing that she had the records upon which the original disability determination was made, but "did not mark as a hearing exhibit, or cite in her decision, any medical record that existed at the time of the 1982 decision, and none of those early records [were] before [the court]." Id. The Court of Appeals concluded that "[i]n the absence of the early medical records, the administrative record lacks a foundation for a reasoned assessment of whether there is substantial evidence to support the Commissioner's finding that Veino's 1997-1998 condition represents an 'improvement.'" Id.

Similar to the present case, in Veino the Commissioner argued on appeal that the record before the court was adequate because the prior evidence supporting the CPD was summarized in the hearing officer's decision and that the hearing officer's decision and the administrative law judge's decisions are evidence of the claimant's prior medical condition. Id. The Court of Appeals rejected this argument:

> The difficulty with the Commissioner's position is that these decisions are

not evidence. The ALJ did not cite or include in the record the 1982 medical evidence itself but only the DHO's summary; and without any of the 1982 medical evidence in the record before us, this Court cannot make a reasoned determination as to whether the DHO's summary is accurate or adequate. Accordingly, the matter will be remanded to the Commissioner for supplementation of the record and for further consideration.

Id.

As noted above, the undersigned finds that the reasoning of the Veino decision is persuasive. Remand is warranted here where the Commissioner has not presented this court with the record supporting the CPD. Perhaps more importantly, it is entirely unclear whether ALJ Belli possessed, reviewed, or considered the medical evidence underlying the CPD in assessing whether plaintiff experienced medical improvement.[10] Here, ALJ Belli summarized plaintiff's prior impairments, but without citation to the relevant medical records or elucidation as to the basis for his summary. Accordingly, this matter will be remanded for supplementation of the record and further proceedings.

Because a remand is warranted in this case, the undersigned does not reach plaintiff's argument that, even assuming a proper finding of medical improvement, ALJ Belli erred by determining plaintiff's present residual functional capacity without considering evidence of plaintiff's alleged mental impairments.

III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted, in part;

////
////
////
////

---

[10] The Commissioner has not argued to the contrary in his opposition brief.

11

2. This matter is remanded for further proceedings consistent with this order. See 42 U.S.C. § 405(g).

DATED: May 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE